**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL BERGER, JACOB BULLOCK,
RYAN CARROLL, ANTHONY ALARCON,
DAVID EMERY, COURTNEY POLIVKA,
individually and on behalf of others similarly
situated,

      Plaintiffs,

v.                                    CASE NO:  8:16-cv-744-T-30JSS

ACCOUNTING FULFILLMENT SERVICES
LLC, MANHATTAN PROFESSIONAL GROUP,
INC., MICHAEL SAVAGE, BRENDAN PACK,
GARY MELWICK, and LINDSEY KUSH,

      Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Compel Arbitration and Dismiss the Action (Dkt. 10) and Plaintiffs' Response (Dkt. 25). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiffs, who were sales representatives for Defendants during the relevant time, allege that Defendants misclassified them and other sales representatives as independent contractors, rather than as employees. As a result, Plaintiffs assert overtime claims under the

Fair Labor Standards Act ("FLSA").  Plaintiffs also allege a collective action on their FLSA claims.

Defendants provide tax preparation, tax consulting, bookkeeping, accounting, payroll, and audit support services to their customers.   Specifically, Defendant Manhattan Professional Group, Inc. ("MPG") previously provided these accounting services and engaged independent contractors to provide sales consulting services through the end of 2014.   Thereafter, MPG ceased its operations and Defendant Accounting Fulfillment Services, LLC ("AFS") engaged the existing sales representatives to perform the same consulting services.  In early October 2014, because MPG was ceasing its operations at year end, AFS offered to continue the existing engagements with the sales representatives under the terms and conditions set forth in a new independent consulting agreement.

In early February 2015, AFS prepared new consulting agreements.  The Declaration of Brendon Pack,[1] the Vice President of Sales at AFS, attaches five Independent Consulting Agreements for Plaintiffs Michael Berger, Jacob Bullock, Ryan Carroll, Anthony Alarcon, and David Emery (hereinafter referred to as the "Agreements").  The Agreements contain identical arbitration provisions as follows:

> 11.   **Miscellaneous.**
> (a)   <u>Arbitration</u>. The parties agree that any claim or controversy arising out of or relating to this Agreement or any breach of this Agreement shall be settled by binding arbitration, in accordance with the then current rules of the American Arbitration Association.

---

[1]Pack is also an individual Defendant.  The Complaint refers to him as Brendan Pack, not Brendon Pack.

-2-

> The Arbitration shall be held in New York, New York, and each party shall bear their respective legal fees irrespective of the decision of the Arbitrator. The cost of the Arbitrator and the American Arbitration Association fees and costs shall be shared equally by both parties. This provision shall survive the termination of this Agreement and Consultant's consultancy.

(Dkt. 19-1). The arbitration provision is in the same type and font as the rest of the agreement.

With respect to Plaintiff Courtney Polivka, Pack's Declaration states that, while Defendants were unable to locate her Independent Consulting Agreement, Pack has "every reason to believe that she executed [the Agreement] since every other contractor did so as a condition to be engaged and because [Defendants] paid her consistent with that agreement." (Dkt. 19-1).

Defendants move to compel arbitration in New York based on the arbitration provisions contained within the Agreements.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)); *accord AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 337-

39 (2011); *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 72 (2010); *Inetianbor v. CashCall, Inc.,* 768 F.3d 1346, 1349 (11th Cir. 2014).

"Importantly, parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable.  The Supreme Court has upheld these so-called 'delegation provisions' as valid, *Rent-A-Center,* 561 U.S. at 68-70, and explained that they are severable from the underlying agreement to arbitrate, *Buckeye,* 546 U.S. at 445."  *Parnell*, 804 F.3d at 1146-47.  If a plaintiff raises a challenge to the contract as a whole and the arbitration agreement contains a delegation provision*,* the district court may not review his claim because it has been committed to the power of the arbitrator.  Under these circumstances, the plaintiff must "challenge[ ] the delegation provision *specifically.*"  *Rent-A-Center,* 561 U.S. at 72 (emphasis added).  The district court must treat the delegation provision as valid and must enforce it unless the plaintiff challenges the delegation provision itself.  *Id.*

Notably, the Eleventh Circuit and the majority of other Circuits hold that explicit delegation provisions are not necessary to delegate the issue of arbitrability to the arbitrator.  Rather, incorporation of the arbitration rules is sufficient.  *See Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332-33 (11th Cir. 2005).  In *Terminix*, the Eleventh Circuit considered whether an arbitration clause stating "arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association" delegated the question of arbitrability to the arbitrator.  *Id.* at 1332.  The Eleventh Circuit concluded that "[b]y incorporating the AAA Rules . . . into their agreement,

-4-

the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." *Id.*

The Agreements here incorporate the AAA Rules. Accordingly, *Terminix* compels the Court to delegate the question of arbitrability to the arbitrator. *See Supply Basket, Inc. v. Glob. Equip. Co.*, No. 1:13-CV-3220-RWS, 2014 WL 2515345, at *2 (N.D. Ga. June 4, 2014) (noting that incorporation of AAA rules generally, without identifying any particular subject-specific rules was sufficient to provide "clear and unmistakable evidence of intent to delegate the determination of arbitrability to the arbitrator.").

Finally, motions to compel arbitration are reviewed under the summary judgment standard. *See Johnson v. KeyBank Nat'l Assoc.,* 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "'a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate'") (quoting *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.,* 272 F. App'x 782, 785-86 (11th Cir. 2008)). Thus, a court may consider information outside the pleadings for purposes of resolving the motion.

## DISCUSSION

Plaintiffs raise a myriad of issues that they contend preclude arbitration of their FLSA claims. The first three issues relate to the threshold issue of whether an agreement to arbitrate exists in the first place between some of the parties and for claims that arose prior to the execution of the Agreements. The remaining issues attack this Court's authority to

compel arbitration in New York and the enforceability of the Agreements.  The Court now turns to these issues.

## I.    Plaintiffs' Argument that Defendants Cannot Compel Arbitration of Plaintiff Courtney Polivka's Claims

Plaintiffs argue that Polivka's FLSA claims cannot be sent to arbitration because Defendants have not produced an arbitration agreement for her.  The Court agrees.  As Defendants acknowledge, "a valid written agreement" is the first factor the Court must consider.  But, with respect to Polivka, Defendants have not directed the Court to any competent evidence that Polivka entered into an agreement to arbitrate her claims.  And Pack's statement that he has every reason to believe that Polivka entered into an arbitration agreement is woefully deficient.  Accordingly, the Court concludes that Defendants' motion must be denied as to Polivka's claims.

The Court also concludes that Defendants' conclusory statements regarding their "reason to believe" that Polivka entered into an arbitration agreement are insufficient to entitle them to a trial under Section 4 of the FAA, which states that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4.  Indeed, the Eleventh Circuit recently held, in its first published opinion on the issue, that when a defendant offers no "competent evidence to demonstrate the existence of a genuine issue of material fact concerning the existence of an arbitration agreement, its motion to compel arbitration must be denied as a matter of law without the need for a trial."  *Bazemore v. Jefferson Capital*

*Systems, LLC*, No. 15-12607 (11th Cir. July 5, 2016) (publication forthcoming).[2] Accordingly, Defendants are not entitled to a trial on this issue and Polivka's claims will remain before this Court.

## II.     Plaintiffs' Argument that the Agreements Are Not Retroactive

The Agreements contain effective dates of February 2, 2015 (Berger), February 9, 2015 (Bullock, Alarcon, and Emery), and May, 11, 2015 (Carroll).  Plaintiffs state that all of the Plaintiffs, except Carroll, had been working for Defendants prior to the Agreements' effective dates and have claims for unpaid overtime for workweeks prior to the respective effective dates.  Plaintiffs argue that, because the arbitration provisions at issue state that they apply to a "claim or controversy arising out of or relating to *this Agreement* or any breach of *this Agreement*," Plaintiffs did not agree to arbitrate any claims that accrued prior to the execution of the Agreements.  Plaintiffs also point out that the Agreements specifically note that: "This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements and understandings . . ." (Dkt. 19-1).

Under these circumstances, the Court agrees that it cannot compel the arbitration of any claims that accrued prior to the execution of the Agreements.  This will lead to an

---

[2] Notably, the plaintiff in *Bazemore*, like Polivka here, provided almost no evidence showing that she had not entered into an arbitration agreement with the defendant.  Nonetheless, the Eleventh Circuit stated that it was the defendant's burden, under the relevant state law (Georgia), to establish the existence and terms of the contract it was seeking to enforce.  Under Florida law, the relevant law that the parties seem to agree applies here, the burden is also on Defendants.  Defendants have not met this burden with respect to Polivka.

inefficient result because, as will be discussed later, a portion of Plaintiffs' claims will be submitted to arbitration. However, a court cannot "shoehorn pendent *non-arbitrable* claims into arbitration based on its own views of economy and efficiency." *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1119 (11th Cir. 2009) (emphasis in the original) (refusing to apply retroactively an arbitration clause that provided that "[a]ny and all disputes *arising out of or in connection with this Agreement*, . . . shall be referred to, and finally resolved by arbitration."); *see also Carter v. Doll House II, Inc.*, 608 F. App'x 903, 904 (11th Cir. 2015) (concluding that: "Because there is nothing in the October Agreement regarding retroactivity, we conclude the district court correctly refused to apply the arbitration provision to any claims that arose before October 2013.").

Defendants appear to take the position that the arbitrator, not this Court, must determine the issue of whether the Agreements apply retroactively because the parties agreed, by incorporating the AAA rules into the arbitration provisions, that the arbitrator would determine the issue of arbitrability. Defendants' position is true, with respect to the enforceability and validity of the Agreements. And Defendants' position would also be correct if the parties were disputing whether a particular claim that accrued during the pendency of the Agreements fell within the arbitration provision. But here, there is a subtle, yet material, distinction. Plaintiffs are not stating that the claims that accrued prior to the Agreements' execution are not covered by the arbitration provision contained in the Agreements; rather, they are essentially arguing that an arbitration agreement does not govern these claims because Defendants have offered no evidence that an arbitration

agreement was in place prior to the Agreements' execution.  In other words, an agreement has to exist in the first place in order for the arbitrator to determine the issue of "arbitrability."  Accordingly, any claim from the Plaintiffs in this case that arose prior to the execution of their respective Agreements shall remain before this Court.

## III.   Plaintiffs' Argument that the Agreements Apply to AFS Only

The final threshold issue for the Court is Plaintiffs' argument that Defendants MPG, Michael Savage, Brendon Pack, Gary Melkwick, and Lindsey Kush cannot compel arbitration because the Agreements are between Plaintiffs and AFS only.  This argument is moot as to MPG because any claim against MPG had to accrue prior to the execution of the Agreements.  However, as to the remaining Defendants, who appear to be employees of AFS, Plaintiffs' argument fails.  Although the individual Defendants did not sign the Agreements, Plaintiffs' complaint fails to distinguish between the individuals and AFS when alleging the elements of their FLSA claims.   Indeed, Plaintiffs refer to "Defendants" generally, throughout their complaint.  Under these circumstances, "application of equitable estoppel is warranted" because Plaintiffs allege "substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999); *see also Bailey v. ERG Enterprises, LP*, 705 F.3d 1311, 1321 (11th Cir. 2013); *Maldonado v. Mattress Firm, Inc.*, No. 8:13-CV-292-T-33AEP, 2013 WL 2407086, at *5 (M.D. Fla. June 3, 2013) ("By failing to distinguish between the actions of the Defendants in his FLSA Complaint, Maldonado has effectively asserted such interdependent and concerted misconduct by

Mattress Firm and the Callahan Defendants.") (internal quotations and citations omitted). Accordingly, any arbitration that is compelled as to AFS will also be compelled as to the individual Defendants.

## IV.   Plaintiffs' Argument that the Court Lacks Authority to Compel Arbitration in New York

Plaintiffs argue that "it is clear that this Court lacks the ability to compel arbitration of this matter in New York." (Dkt. 25 at Section IV).  Interestingly, Plaintiffs cite no binding law on this issue.  And the Eleventh Circuit has specifically held that, if the arbitration provision requires the parties to arbitrate in a particular forum, the district court must compel the parties to arbitrate pursuant to the terms set forth in the contract.  *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1304 (11th Cir. 2014) (concluding, in relevant part, that the district court did not err in compelling the parties to arbitrate in California, which was the forum identified in the arbitration provision).  Accordingly, Plaintiffs' argument on this issue is without merit.

## V.   Plaintiffs' Enforceability Arguments Related to the Agreements As a Whole

The majority of Plaintiffs' remaining arguments in opposition to Defendants' motion to compel relate to the Agreements' enforceability and appear to attack the Agreements generally.  Because, as set forth in more detail above, the parties agreed that the arbitrator must decide the arbitrability of Plaintiffs' claims, Plaintiffs' arguments, directed to the Agreements as a whole, should be left to the arbitrator.  *See Terminix*, 432 F.3d at 1332.

Also, it is worth noting that, like the subject agreement in *Terminix*, the Agreements here also contain a severability provision as follows: "In case any provision of this Agreement shall be invalid, illegal or otherwise unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby." (Dkt. 19-1).  As the Eleventh Circuit noted in *Terminix*, because the severability clause makes clear that any illegal or otherwise unenforceable provisions may be severed without impacting the Agreements' validity as a whole, this Court need not determine the Agreements' validity as a whole at this juncture because, regardless of the outcome, the arbitration provision would survive (even with any severed portions).  Thus, in light of the incorporation of the AAA rules and the Agreements' severability provision, the majority of Plaintiffs' enforceability arguments contained in their response should be decided by the arbitrator.

## VI.   Unconscionability

To the extent that Plaintiffs argue that the arbitration provisions, in particular, are void-for-unconscionability, the Court turns to Florida law.  Florida courts recognize that the term "unconscionable" as it relates to contracts generally means "shocking to the conscience," "monstrously harsh," or "to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."  *Gainesville Health Care Ctr., Inc. v. Weston,* 857 So. 2d 278, 283-84 (Fla. 1st DCA 2003) (internal citations and quotations omitted).  Under Florida law, "[b]efore a court may hold a contract unconscionable, it must find that it is *both* procedurally and substantively

unconscionable." *Id.* (emphasis in original); *see also Golden v. Mobil Oil Corp.,* 882 F.2d 490, 493 (11th Cir. 1989). The test for procedural unconscionability examines the manner in which the contract was entered, and the court must determine whether the complaining party had a meaningful choice at the time of the contract. *See Fonte v. AT & T Wireless Servs., Inc.,* 903 So. 2d 1019, 1025 (Fla. 4th DCA 2005); *Gainesville Health,* 857 So. 2d at 284. The substantive component focuses on the terms of the agreement itself in order to determine whether those terms are unreasonable and unfair. *See Powertel, Inc. v. Bexley,* 743 So. 2d 570, 574 (Fla. 1st DCA 1999); *Fonte,* 903 So. 2d at 1025.

Plaintiffs largely focus on the arbitration provisions' requirement to conduct arbitration in New York and the language that the parties "bear their respective legal fees irrespective of the decision of the Arbitrator" to argue that the provisions deprive them of substantive rights under the FLSA, violate public policy, and are unconscionable. The Court agrees, in part. The Court concludes that the provision requiring Plaintiffs to cover their own attorney's fees, even if they ultimately prevailed, is unenforceable as applied to the FLSA claims because such a provision is inconsistent with the purpose underlying the statutory claim. *See, e.g., Schatt v. Aventura Limousine & Transp. Serv., Inc.,* No. 10-22353-Civ., 2010 WL 4942654, at *3 (S.D. Fla. Nov. 30, 2010) ("It is clear that Plaintiff cannot be found to have waived his right to recover his attorney's fees. Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding.") (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982)); *see also Robinson v. Anytime Rentals, Inc.*, No. 2:14-CV-528-FTM-38CM, 2015 WL 4393709, at *4 (M.D. Fla.

-12-

Feb. 20, 2015) (concluding that the one-way fee shifting clause contained in the arbitration agreement contradicted the FLSA and therefore rendered that provision unenforceable and determining that, in light of the contract's severability provision, the language could be severed without affecting the enforceability of the arbitration provision).  Defendants appear to concede this point because they reference *Robinson* to point out that the Court can sever the one-way fee shifting language at issue here.

Accordingly, the Court hereby severs the fee-shifting language to the extent that only the underlined portion is severed and removed from the arbitration provision as follows: "The Arbitration shall be held in New York, New York, and each party shall bear their respective legal fees irrespective of the decision of the Arbitrator."

Any remaining arguments contained in Plaintiffs' response are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1.    Defendants' Motion to Compel Arbitration and Dismiss the Action (Dkt. 10) is granted in part and denied in part.

2.    Plaintiff Courtney Polivka's claims shall remain before this Court.

3.    Any claim for any Plaintiff in this case that arose prior to the execution of his or her Independent Consulting Agreement shall remain before this Court.

4.    Any claim for any Plaintiff in this case against Defendants (except Defendant MPG) that accrued on or after the date of the Agreements' execution shall be submitted to binding arbitration in New York, New York, in accordance with

the current rules of the American Arbitration Association, and as stated in the Agreements' arbitration provisions.

5.      The Court hereby severs the fee-shifting language to the extent that only the underlined portion is severed and removed from the arbitration provision as follows: "The Arbitration shall be held in New York, New York<u>, and each party shall bear their respective legal fees irrespective of the decision of the Arbitrator</u>."

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record

-14-